UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRY MOREAU** | * | **CIVIL ACTION NO.** _____ |
| | * | |
| **VERSUS** | * | **JUDGE** _____ |
| | * | |
| **EUGENE COUTURE,** | * | **MAG. JUDGE** _____ |
| **BLAIR LOGISTICS, LLC and** | * | |
| **ACE AMERICAN INSURANCE** | * | |
| **COMPANY** | * | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA.

NOW COME, through undersigned counsel, Blair Logistics, LLC, and ACE American Insurance Company sought to be made Defendants in the above captioned action, who respectfully remove this matter pursuant to the Federal Rules of Civil Procedure, 28 USC 1332 and 1446, et seq. and other applicable laws on the following basis:

1.

Plaintiff, Terry Moreau, filed suit in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, entitled "*Terry Moreau versus Eugene Couture, Blair Logistics, LLC, P&S Insurance Risk Retention Group, Inc., and GEICO Casualty Insurance Company*" bearing Civil Action No. 158089 in Division E for damages, injuries, and loss allegedly sustained from an automobile accident on or about December 2, 2017 in Tangipahoa Parish. (*See Petition for Damages, attached hereto as "Exhibit A"*).

1

2.

GEICO Casualty Insurance Company, Plaintiff's uninsured/underinsured motorist insurance carrier, was named as Defendant but dismissed on December 3, 2018. (*See Order of Dismissal of GEICO Casualty Insurance Company, attached hereto as "**Exhibit B**"*).

3.

On December 19, 2018, Plaintiff amended her petition to add ACE American Insurance Company, a foreign insurance company authorized to do and doing business in the State of Louisiana. The caption was amended as "*Terry Moreau versus Eugene Couture, Blair Logistics, LLC, and Ace American Insurance Company*." (*See Plaintiff's First Supplemental and Amending Petition for Damages, attached hereto as "**Exhibit C**"*).

4.

Plaintiff is, upon information and belief, a person of the full age of majority, domiciled in the Parish of Livingston, State of Louisiana.

5.

Made Defendants are Eugene Couture ("Couture"), an individual of full age of majority domiciled in the State of Alabama, Blair Logistics, LLC ("Blair"), an Alabama company, whose principle place of business is in the state of Alabama, and ACE American Insurance Company ("ACE"), a Pennsylvania insurance company, whose principle place of business is in Pennsylvania.

6.

Service of Plaintiff's original Petition for Damages was made on Blair Logistics, LLC, on September 7, 2018 via Louisiana Long-Arm Statute, La. R.S. 13:3201. (*See Blair Logistics, LLC, La. R.S. 13:3201 Service, attached hereto as "**Exhibit D**"*). Service of Plaintiff's Amended Petition

for Damages on Blair Logistics, LLC was requested via Louisiana Long-Arm Statute, La. R.S. 13:3201, but upon information and belief has not yet been perfected.

7.

Service of Plaintiff's Amended Petition for Damages was made on ACE American Insurance Company on January 23, 2019 through its Agent for Service of Process, the Secretary of State. (*See Secretary of State Suite Details*, *attached hereto as* "**Exhibit E**").

8.

Service has been attempted, but not perfected, on Eugene Couture for either the Petition for Damages or the Amended Petition for Damages.

9.

No answer has been filed by any Defendant.

10.

This Notice is timely filed within thirty (30) days of the first notice of removability of this action to ACE American Insurance Company, which Notice was received upon service of Plaintiff's filing of the *First Supplemental and Amending Petition for Damages*, a document from which it may be ascertained that the case has become removable pursuant to 28 U.S.C. 1446. (*See Exhibit E*).

11.

Pursuant to 28 U.S.C. 1332, this Court has jurisdiction of this matter, as there is full and complete diversity between the Plaintiff and all Defendants.

12.

Venue is proper in this district under 28 U.S.C. 1441(a) because the state district court where the action is pending, the 21st Judicial District Court for the Parish of Livingston, is within

this Court's jurisdiction.  Further, the incident made subject of this lawsuit occurred in Tangipahoa Parish.  (*See Exhibit A, Par. 3*).

13.

Plaintiff alleges to have suffered injuries including to the neck, back, thoracis, left shoulder, head, bilateral hip, and left elbow and avers that she is entitled to recover all available damages, including those for physical pain and suffering, mental pain, anguish, distress, loss of enjoyment of life, lost wages, disability, impairment of earning capacity, medical expenses, and any other damages which are established at trial.  (*Exhibit A at Par. 8*).

14.

Plaintiff does not allege any amount in controversy within the Petition, however, as more fully explained below, the Plaintiff's allegations if proved, will exceed $75,000.00 exclusive of interest and costs, thereby further satisfying the requirements of 28 U.S.C. 1332.

15.

Counsel for the Plaintiff has provided undersigned counsel with medical records and medical billing records reflecting total medical expenses to date of $138,700.28.  (*See Terry Moreau Medical Recap, attached hereto as* **Exhibit F**").  Her diagnoses include cervicalgia, cervical stenosis, cervical radiculopathy, cervical disc herniation, left elbow pain, low back pain, lumbar degenerative disc disease, lumbar radiculopathy, thoracic back pain.  These medical and billing records alone are sufficient evidence that the amount in controversy exceeds the jurisdictional threshold.  *Lopez v. Wal-Mart Louisiana, LLC*, 2015 WL 3473015, p. 2 (W.D.La. 6/1/15); *Lee v. Dillon*, 2012 WL 3263882 (W.D.La. Shreveport Div., 8/8/12)(citing *Boyd v. Kmart Corporation*, 1998 WL 151432 (E.D.La. 3/25/98)).

16.

The potential general damage awards for a herniated cervical disc alone, even without a surgery, are significant, and courts have found the amount in controversy satisfied where such allegations are made. *See e.g. McDonald v. Target Corp. of Minn.*, 2011 WL 2160495 (E.D. La. 6/1/11)(noting that Louisiana jurisprudence indicates that . . . injuries of herniated cervical disc and cervical spinal stenosis have generated awards greater than $75,000 even without surgery; citing caselaw of $150,000, $116,700, and $120,000 general damage awards); *Thomas v. Lois Dreyfus Commodities*, 2016 WL 1317937 (M.D. La. 3/11/16)("courts must consider . . . request for general and special damages in whole;" and describing general damage awards for cervical injuries, without surgeries as several times the amount of incurred medical expenses, and at or above jurisdictional threshold); and *see also Hebert v. Boesch*, 194 So.3d 798 (La.App. 1 Cir. 2016)(affirming general damage award of $75,000 where Plaintiff was involved in an automobile collision and sustained injuries to his neck, back, shoulders, chest, and shins; MRI scans revealed cervical and lumbar disc bulges; conservative treatment with medication and physical therapy resulting in $15,290.98 in medical expenses); *Smith v. Goetzman*, 720 So.2d 39 (La.App. 1 Cir. 1998)(affirming general damage award of $80,000 for Plaintiff who suffered moderate disc bulge and possible second mild bulge, with pain; conservative treatment, with future surgery not discounted; Plaintiff also suffered from clinical depression and loss of employment); and *Strother v. Continental Casualty Ins. Co.*, 944 So.2d 744 (La.App. 3 Cir. 2006)(affirming general damage award of $144,000 for cervical and lumbar strain following motor vehicle accident; conservative treatment with medication and physical therapy; pain for one year or more and medical expenses of $44,986.75).

17.

Whether individually or in aggregate, the general and special damages are sufficient evidence that the amount in controversy exceeds the jurisdictional threshold.  *See Gebbia v. Wal-Mart Stores*, 233 F.3d 880 (5th Cir. 2000), *Robinson v. Kmart Corporation*, 2011 WL 2790192 (M.D. La. 4/28/11).

18.

Claims by a single Plaintiff against multiple Defendants can be aggregated for the purpose of obtaining the amount in controversy when the Defendants are alleged to be jointly liable to the Plaintiff.  *Martin v. D.R. Horton, Inc.*, 2008 WL 4693397 (M.D.La. 10/23/08)(citing *Failla v. Dynasty Distributers, Inc.*, 2006 WL 860969 (E.D.La. 2006) and *Jewell v. Grain Dealers Mutual Insurance Company*, 290 F.2d 11 (5th Cir.1961)).

19.

All parties have been contacted and consent to this removal.  Additionally, written notice hereof is being given to all adverse parties as required by law.  (*See Notice of Filing Notice of Removal, attached hereto as "**Exhibit G**"*).

20.

Blair Logistics, LLC, and ACE American Insurance Company reserve the right to assert and allege any and all exceptions, answers, denials, defenses, affirmative defenses, and other claims or causes of action which would have been asserted in an answer or pre-answer pleadings, including but not limited to any defense available under Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Blair Logistics, LLC, and ACE American Insurance Company hereby remove suit entitled *"Terry Moreau versus Eugene Couture, Blair Logistics, LLC, and ACE American Insurance Company"* from the 21st Judicial District Court for the Parish Livingston, unto the United States District Court, Eastern District of Louisiana pursuant to 28 U.S.C. 1332 and 1446, et seq.  Based on medical records and billing information received to date, Defendants have sufficient information to belief that if the allegations are proved, the amount in controversy could exceed $75,000.00.  Moreover, the Plaintiff, a Louisiana domiciliary, is completely diverse from Eugene Couture, an Alabama domiciliary, Blair Logistics, LLC, an Alabama company, whose principle place of business is Alabama, and ACE American Insurance Company, a Pennsylvania insurer, whose principle place of business is Pennsylvania.

Petitioner prays this removal be effected, that Plaintiff be notified to proceed no further in state court, and that this Honorable Court issue all instructions and necessary orders and processes needed to perfect same.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully Submitted, |
| I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below: | **STAINES & EPPLING** |
| [ ] U.S. Mail<br>[ ] Hand Delivery<br>[ ] E-Mail<br>[ X ] Electronic Filing – CM/ECF | */s/ Julie Steed Kammer*<br>_____<br>JULIE STEED KAMMER (#24656)<br>JESSICA B. FINLEY (#38213)<br>3500 North Causeway Boulevard, Suite 820<br>Metairie, LA 70002<br>Telephone:  (504) 838-0019<br>Facsimile:  (504) 838-0043<br>*Attorney for Blair Logistics, LLC and ACE American Insurance Company* |
| This 30th day of January, 2019.<br><br>*/s/ Julie Steed Kammer*<br>_____ | |